IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-00443-BO-RJ

| | |
|---|---|
| KIMARLO RAGLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| FRANCENE GREGORY, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on the memorandum and recommendation (M&R) of United States Magistrate Judge Robert B. Jones. [DE 11]. The M&R recommends dismissing plaintiff's complaint for lack of subject matter jurisdiction. Plaintiff filed a timely objection. [DE 12]. For the following reasons, the Court adopts the M&R and dismisses plaintiff's complaint.

## BACKGROUND

Kimarlo Ragland and Francene Gregory are neighbors. In a prior state court proceeding, Gregory claimed that Ragland stalked her and subsequently obtained a no-contact order. In a second matter in the same court, Gregory sued Ragland for repeatedly parking on her property. In this matter, Ragland challenges those two actions.

Ragland attacks the no-contact order on multiple fronts. First, Ragland accuses Gregory of lying to police so that he would be arrested. Second, Ragland claims the judge who issued the no-contact order (the Honorable Katherine Burnette) was biased against him. Third, Ragland claims the no-contact order is invalid because Judge Burnette did not follow proper procedure. Fourth, Ragland claims the no-contact order violates his constitutional right to Equal Protection. Finally, Ragland asserts a variety of tort claims against Gregory.

Ultimately, Ragland asks this Court to (i) strike the state court's no-contact order against him, (ii) issue a no-contact order against Gregory, and (iii) impose monetary damages. [DE 1-1 at 10]. Alternatively, Ragland seeks to remove the two state court cases to this federal Court. Finally, Ragland applied to proceed *in forma pauperis* under 28 U.S.C. § 1915.

Magistrate Judge Jones entered an M&R recommending this Court grant plaintiff's application to proceed *in forma pauperis* but dismiss plaintiff's complaint for lack of subject matter jurisdiction. Plaintiff filed a timely objection to the M&R.

## DISCUSSION

A district court is required to review *de novo* those portions of an M&R to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). Since plaintiff has filed an objection, this Court reviewed the M&R *de novo*. For the reasons that follow, this Court adopts the M&R and dismisses plaintiff's complaint for lack of subject matter jurisdiction.

There is no diversity jurisdiction because the complaint alleges that both parties are citizens of North Carolina. [DE 1-1 at 1]; 28 U.S.C. § 1332(a)(1).

There is no federal question jurisdiction either. Plaintiff's tort claims are matters of state law. Similarly, the two state court cases were matters of state law. Indeed, that is why they were in state court. One case concerns a property dispute; the other deals with the stalking no-contact order.

Property disputes are matters of state law. *See Monteith v. Shaia*, No. 1:16-CV-394, 2017 WL 2273171, at *4 (W.D.N.C. May 5, 2017) (claims of entry onto property or trespass were state law claims that did not raise a federal question), *report and recommendation adopted*, 2017 WL 2273159 (W.D.N.C. May 24, 2017).

2

Stalking is also a matter of state law. *Gwaltney v. White*, No. 1:16CV432, 2016 WL 3255029, at *2 (M.D.N.C. June 13, 2016) (finding no federal subject matter jurisdiction over stalking claim).

Ragland accuses the state court of issuing a "false and unlawful order [that] was transmitted to plaintiff via US mail and may fall under 28 USC 2680." Ragland's accusation is unsupported by facts. And the cited statute is inapplicable. That statute details the jurisdictional rules when an individual sues the United States.

In an attempt to remedy the jurisdictional deficiency, Ragland claimed the state court violated 18 U.S.C. § 2261, and 18 U.S.C. § 2340. Neither of those statutes bestow subject matter jurisdiction upon this Court. § 2261 is a criminal statute that prohibits interstate domestic violence. § 2340 is a statute that defines "torture" and "severe mental pain or suffering." Plaintiff does not explain how those statutes are relevant to his case.

Ragland seeks to remove the two state court matters to this federal Court. However, this Court lacks jurisdiction to review a state court's orders. *See Duncan v. McKinney*, No. 1:17CV1026, 2017 WL 6888832, at *3 (M.D.N.C. Dec. 12, 2017) (citing *Casey v. Hurley*, 671 F. App'x 137, 138 (4th Cir. 2016). Ragland argues that removal is appropriate because the state court did not follow the correct procedure. But "[p]laintiff should instead raise any such challenges in state court." *Id.*

Ragland argues that removal is appropriate because his constitutional right to Equal Protection was violated.[1] The Equal Protection Clause provides that "[n]o State shall .. deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 1.

---

[1] Ragland does not specify *who* allegedly violated his constitutional right to Equal Protection. However, one private citizen cannot violate another private citizen's constitutional right to Equal Protection. Therefore, the Court assumes Ragland's Equal Protection claim was directed at the Vance County state court.

3

"To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Ragland argues the no-contact order was invalidated by Judge Burnette's alleged racial bias. However, plaintiff has not alleged any facts supporting the notion that he suffered intentional or purposeful discrimination at the hands of Judge Burnette. Therefore, he has failed to adequately plead an Equal Protection claim.

Ragland claims the state court violated North Carolina's constitution. But a violation of North Carolina's state constitution is a question of state law, not federal law. Because Ragland has failed to establish subject matter jurisdiction, his complaint must be dismissed.

## CONCLUSION

For the above reasons, the memorandum and recommendation [DE 11] is ADOPTED. Consistent with that M&R, plaintiff's application to proceed *in forma pauperis* [DE 1] is GRANTED, but plaintiff's complaint [DE 1-1] is DISMISSED without prejudice for lack of subject matter jurisdiction. As a result, plaintiff's remaining motion to recuse [DE 9] and motion to transfer [DE 2] are DENIED AS MOOT. The Clerk is DIRECTED to close the case.

SO ORDERED, this _11_ day of May, 2023

                                              TERRENCE W. BOYLE
                                              UNITED STATES DISTRICT JUDGE